UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

United States District Court
Southern District of Texas
FILED

AUG 10 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JOEL RODRIGUEZ, INDIVIDUALLY AND ON BEHALF OF HIS WIFE MARISA J. RODRIGUEZ, AND THEIR CHILDREN, OLGA MARIANA RODRIGUEZ, JOEL J. RODRIGUEZ, AND MARISA RODRIGUEZ, MINORS AND JORGE RODRIGUEZ § § § § § § § § § § § | Civil Action No. M-01-165 |
| vs. | |
| BRIDGESTONE/FIRESTONE, INC., | |

## PLAINTIFFS' COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs JOEL RODRIGUEZ, INDIVIDUALLY AND ON BEHALF OF HIS WIFE, MARISA J. RODRIGUEZ, AND THEIR CHILDREN, OLGA MARIANA RODRIGUEZ, JOEL J. RODRIGUEZ, AND MARISA RODRIGUEZ, MINORS AND JORGE RODRIGUEZ, complaining of Defendant, BRIDGESTONE/FIRESTONE, INC. Plaintiffs would respectfully show as follows:

I.

1.1 JOEL RODRIGUEZ is the husband of MARISA J. RODRIGUEZ (incapacitated) and the natural father of their children, OLGA MARIANA RODRIGUEZ, JOEL J. RODRIGUEZ, and MARISA RODRIGUEZ. He brings suit in his individual capacity and on behalf of MARISA J. RODRIGUEZ and as next friend for his minor children, Olga Mariana Rodriguez, Joel J. Rodriguez, and Marisa Rodriguez. These parties reside in Pharr, Hidalgo County, Texas.

1.2 JORGE RODRIGUEZ is a resident of McAllen, Hidalgo County, Texas.

## II.

2.1 Defendant BRIDGESTONE/FIRESTONE, INC., ("FIRESTONE"), is an Ohio corporation with its principal place of business in Akron, Ohio who has answered and appeared herein for all purposes.

2.2 At all times material hereto, Defendant FIRESTONE was in the business of designing, manufacturing and marketing automobile tires, and did design, manufacture and market the FIRESTONE WILDERNESS AT Radial P235/75R15 tire in question. Defendant FIRESTONE is the "manufacturer" of the FIRESTONE tires within the meaning of Tex. Civ. Prac. & Rem. Code § 82.001(4). At some point after their manufacture, FIRESTONE released the FIRESTONE WILDERNESS AT Radial tires into commerce. By such action, FIRESTONE became liable under the doctrine of strict liability in tort for any defects in the tire arising out of the design, manufacture or marketing of the tire.

2.3 FIRESTONE is authorized to conduct business in Texas, owns property in Texas, conducts business in Texas and derives significant revenues from its activities in Texas and, therefore, is subject to be sued in Texas courts.

## III.

3.1 This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a) because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## IV.

4.1 On or about March 9, 2000, JORGE RODRIGUEZ, was driving his brother and sister-in-law's vehicle, when the tread of the right rear FIRESTONE WILDERNESS AT Radial P235/75R15 tire separated from the carcass of the tire. As a result, the

Rodriguez's vehicle veered off course and rolled over. JOEL RODRIGUEZ, JOEL J. RODRIGUEZ and JORGE RODRIGUEZ were severely injured in the accident. MARISA J. RODRIGUEZ was severely and permanently injured in the accident.

## V.

5.1   Defendant FIRESTONE designed, developed, manufactured, tested, inspected, distributed, and sold the Firestone Wilderness AT steel-belted radial tire for use on passenger automobiles.

5.2   Defendant FIRESTONE breached the duty of reasonable care owed to Plaintiffs in that Defendant:

   a.   Negligently designed the subject tire;

   b.   Negligently constructed the subject tire;

   c.   Negligently manufactured the subject tire;

   d.   Negligently tested or failed to consider the result of testing;

   e.   Negligently inspected or failed to inspect the subject tire for defects;

   f.   Negligently failed to heed the results of warranty claims and/or adjustment records;

   g.   Negligently warned or failed to warn Plaintiffs of defects in the subject tire which Defendant FIRESTONE either knew or should have known existed;

   h.   Negligently warned or failed to warn Plaintiffs of the hazard of under inflation; and,

   i.   Negligently failed to recall the tire pursuant to its obligations under federal law.

5.3   Pursuant to Tex. Civ. Prac. & Rem. Code §82.005, a safer alternative design was economically and technologically feasible at the time the product left the control of Firestone, and would have prevented the crash without affecting the utility of the product.

5.4 As a direct and proximate cause of the negligence of Defendant FIRESTONE, Plaintiffs sustained losses as alleged herein.

5.5 WHEREFORE, Plaintiffs demand judgment for damages against the Defendant, FIRESTONE, together with cost of suit, and further demand a jury trial on all issues triable by jury.

## VI.

6.1 At all times relevant, FIRESTONE was engaged in the business of designing, manufacturing, constructing, selling and distributing Firestone Wilderness AT steel-belted radial tires, including the tire involved in this incident. On March 9, 2000, the Firestone Wilderness AT steel-belted radial tire involved in this incident was in substantially the same condition as it was when it was originally sold.

6.2 The Firestone Wilderness AT steel-belted radial tire manufactured and/or distributed by Defendant FIRESTONE was unfit and unsafe for its intended uses and purposes because of design, manufacturing, and inspection defects that caused the tire to suddenly fail.

6.3 The subject tire was manufactured by FIRESTONE without adequate quality control measures and inappropriate manufacturing procedures and processes, including, but not limited to, the use of over-age rubber stock, inappropriate exposure of materials to moisture during the manufacturing process, the inappropriate swabbing of rubber materials with solvent, improper material handling of belt wire, improper final inspection, improper repairs, including, but not limited to, puncturing of finished tires with awls. Said inappropriate quality control measures and inappropriate manufacturing practices and procedures contributed to the in-service failure and tread belt separation of the subject tire.

6.4    The subject steel-belted radial tire was defective in manufacture in that it lacked proper adhesion of the steel belts to surrounding material resulting in tread belt separation and catastrophic failure during normal use.

6.5    The subject steel-belted radial tire failed to incorporate gum edge strips, nylon overlays, nylon belt edge layers, or nylon safety belts to reduce the hazard of tread belt separation constituting a design defect.

6.6    As a result of the defects in the Firestone Wilderness AT steel-belted radial tire, Plaintiff incurred damages as alleged above.

6.7    As a result of the defective and unreasonably dangerous condition of the Firestone tires in question, Defendant, Firestone, in selling the tires in question in such condition, breached express and implied warranties. Specifically, it breached the implied warranties of merchantability and fitness, which breaches of implied warranties were the producing cause of Plaintiffs' injuries and the consequent damages.

6.8    WHEREFORE, Plaintiffs demand judgment for damages against the Defendant FIRESTONE, together with costs of suit, and further demand a jury trial on all issues triable by jury.

## VII.

7.1    Firestone was made aware of defects in the tires as early as 1989, when initial testing of the Radial ATX, the predecessor to the Wilderness tire, demonstrated the tire's tendency to separate under certain conditions. The Defendant has had actual knowledge of defects in the tires since the early 1990s when they discovered extraordinarily high rates of tire failure and serious rollover accidents. Moreover, in 1996, representatives of Bridgestone came from Japan to the United States in an attempt to find the root cause of the extremely high number of tread separation failures

occurring in tires manufactured at Firestone's Decatur plant, where the Rodriguez tire was manufactured. Since then, Defendant has learned of many thousands of tire failures and accidents and knew or should have known, using ordinary care, that the Radial ATX, ATXII, and Wilderness tires were defective and unreasonably dangerous before, at the time of, and after the relevant date of sale of the Rodriguez tire.

7.2   In fact, FIRESTONE had recalled these tires since 1999, and attempted to conceal such recalls from the driving public in the GCC and elsewhere by calling them "service actions" and failing to report such recalls to appropriate authorities. All the while, residents of the GCC, other countries and the U.S. alike were subjected to catastrophic tire failures, fatalities, and injuries.

7.3   The Defendant's actions or inactions, in failing to recall the ATX, ATX II and Wilderness tires, which were known to Defendant to be defective, is negligence per se. Specifically, Defendant had a duty to recall these defective tires under 49 U.S.C. §§30118-30120. Such violation was a producing and proximate cause of the deaths, injuries, and damages that plaintiffs suffered.

## VIII.

8.1   As a result of the foregoing events, Plaintiffs have suffered serious, permanent and disabling injuries, which have resulted in damages to their persons both in the past and in the future, including a loss of wages and wage earning capacity, physical pain and mental anguish, disfigurement, physical impairment, and expenses for medical, rehabilitation, nursing and attendant care for which suit is now brought.

8.2   As a result of the serious, permanent and disabling injuries sustained by his wife, JOEL RODRIGUEZ, has suffered damage to the nature and degree of care,

maintenance, services, advice, counsel, love, comfort, companionship, and consortium which he otherwise would have received from his wife.

8.3 As a result of the serious, permanent and disabling injuries sustained by their mother, the Plaintiff minor children have suffered damage to the nature and degree of care, maintenance, services, advice, counsel, love, comfort, companionship, and consortium, which they otherwise would have received from MARISA J. RODRIGUEZ.

## IX.

In addition to the causes of action hereinabove mentioned and the mutual damages as hereinabove described, Plaintiffs further plea that at the time of the occasion in question FIRESTONE was guilty of malice as that term is defined at law. Said acts and/or omissions on the part of FIRESTONE, when viewed objectively from the standpoint of FIRESTONE, at the time of its occurrence, involves an extreme degree of risk, considering the magnitude of the potential harm others; and, of which FIRESTONE had actual, subjective, awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. As a result of such malicious conduct, Plaintiffs plead for recovery of exemplary and punitive damages predicated on the willful and wanton acts of Defendants.

## X.

Plaintiffs affirmatively plead that the amount of damages to be awarded in this case is within the sole province of the jury. In response to Defendant's request that Plaintiff state the maximum amount of damages sought, however, Plaintiffs state that the maximum amount of damages sought is not greater than one billion dollars ($1,000,000,000).

## XI.

Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## XII.

Plaintiffs demand a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover a judgment of and from the Defendants for their actual damages and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs, attorney's fees, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

_____
MIKAL C. WATTS
Attorney-in-Charge
State Bar No. 20981820
Federal Id No. 1241
WATTS & HEARD, L.L.P.
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78478
Phone:  (361) 887-0500
Fax:    (361) 887 0055

OF COUNSEL:

C. Tab Turner
TURNER & ASSOCIATES, P.A.
4702 W. Commercial Drive, Suite B
North Little Rock, AR 72116
Phone: (501) 791-2277
Fax: (501) 791-1251

Ricardo A. Garcia
State Bar No. 07643200
Federal Id No. 1095
LAW OFFICE OF RICARDO A. GARCIA
820 S. Main
McAllen, Texas 78501
Phone: (956) 630-2882
Fax: (956) 630-5393

Robert Salazar
LAW OFFICE OF ROBERT SALAZAR
4601 N. McColl Rd.
McAllen, Texas 78504

Roger S. Braugh, Jr.
State Bar No. 00796244
Federal Id No. 21326
Juan Enrique Mejia
State Bar No. 00784588
Federal Id No. 15658
Michael M. Guerra
State Bar No. 00787603
Federal Id No. 18850
Joey Gonzalez
State Bar No. 24007247
Federal Id No. 22982
WATTS & HEARD, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
Phone: (361) 887-0500
Fax: (361) 887-0055

Guy Allison
State Bar No. 01086000
THE ALLISON LAW FIRM
920 Leopard St.
Corpus Christi, TX 78401
Phone: (361) 884-8900
Fax: (361) 888-6543

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

On the 10th day of August 2001, a true and correct copy of the foregoing complaint was served, via the manner indicated below on the following, certified by my signature below:

_____
MIKAL C. WATTS

Knox Nunnally                           VIA HAND DELIVERY
VINSON & ELKINS, L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-67

J. A. "Tony " Canales                   VIA HAND DELIVERY
CANALES & SIMONSON, P.C.
2601 Morgan Avenue
Corpus Christi, Texas  78465-5624